UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALYCIA A. GERMOND, *on behalf of herself and
all others similarly situated,*

      **Plaintiff,**

v.                             **Case No.: 2:17-cv-14152-DMM**

**LAW OFFICES OF JOEL CARDIS, LLC
and.
JOEL CARDIS,**

      **Defendants.**

_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE[1] TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

    COME NOW, Defendants Law Offices of Joel Cardis, LLC and Joel Cardis, ("LOJC" or "Cardis" or collectively Defendants), by and through its undersigned counsel, and hereby file this Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment and Incorporated Memorandum of Law (the "Motion"), and state the following in support thereof:

    **1. Plaintiff failed to oppose certain arguments contained in the Motion:**

    Under Local Rule 7.1(c), "each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." S.D. FLA. L.R. 7.1(c). Failure to respond to arguments in a motion is a sufficient basis to dismiss such claims by default under this Local Rule. *See, W. Coast Life Ins. Co. v. Life Brokerage Partners LLC,* No. 08– 80897–CIV, 2009 WL 2957749, at *11 (S.D.Fla. Sept.9, 2009) ; *See Glass v. Lahood,* 786 F.

---

[1] Plaintiff's Response to Defendant's Motion for Summary Judgment, DE 21, was filed after the November 29, 2017 deadline. Originally, Plaintiff's Response was due on November 15, 2017. On November 13, 2017, Plaintiff motioned the Court for an extension of time up to and including November 29, 2017, to file its Response. The Court granted the unopposed motion (DE 17). Plaintiff's Response was filed on November 30, 2017, and as such is untimely. Plaintiff has not moved this Court for any extension of time in which to file its Response.

Supp. 2d 189, 210 (D.D.C. 2011); *Brown v. Buddy Bee Corp.*, No. 14-24368-CIV, 2015 WL 11233388, at *4 (S.D. Fla. Mar. 11, 2015).   In her Response, Plaintiff failed to address the following arguments made by Defendants in the Motion: a) Joel Cardis, individually, is entitled to summary judgment on Plaintiff's FDCPA and TCPA claims; and b) Plaintiff cannot prove Defendants used an ATDS to make any calls to Plaintiff's alleged cellular telephone in violation of the TCPA.   Thus, Defendants are entitled to summary judgment with respect to each argument.

   **2.   Defendants' reply to Plaintiff's Response.**

       **a.   Plaintiff must prove the financial obligation is a "debt."**

   Plaintiff argues "[b]ecause 15 U.S.C. § 1692d protects *any person*, not just "consumers" and claims that Courts have held, in the context of this particular subsection, that an FDCPA plaintiff can bring a viable claim even if she cannot establish that the subject obligation was a "debt" within the meaning of the FDCPA.   Plaintiff's argument is nothing more than a red herring and is premised upon *Davis v. Midland Funding, LLC*, 41 F. Supp. 3d 919 (E.D. Ca. 2014), which is not an 11th Circuit case and which bears no authority on this case.

   The 11th Circuit has unequivocally held that in order to be entitled to relief under the FDCPA, a plaintiff must make a "threshold showing that the money being collected qualifies as a 'debt'" as defined by the FDCPA. *Oppenheim v. I.C. System, Inc.*, 627 F.3d 833, 837 (11th Cir. 2010). As such, it is axiomatic that Plaintiff must prove "consumer debt" as threshold showing in her case.

   As it must, this Court has consistently and unwaveringly followed Oppenheim. *See, e.g. Strauss v. CBE Grp., Inc.*, 173 F. Supp. 3d 1302, 1313 (S.D. Fla. 2016), reconsideration denied, No. 15-62026-CIV, 2016 WL 4402270 (S.D. Fla. June 8, 2016). In *Strauss* as in the

instant case, plaintiff was not the debtor.  The defendant argued plaintiff had failed to conduct discovery on the issue, and could not prove the financial obligation at issue was a "debt." Judge Cohn held "[b]ecause plaintiff is unable to prove that the purpose of CBE's calls was for a consumer debt, he is unable to establish an essential element of his FDCPA and FCCPA claims, and the Court will grant summary judgment in CBE's favor as to those claims." *Ibid.*

Plaintiff has failed to produce evidence supporting the allegation the financial obligation at issue was a "debt" as defined by the FDCPA.As such, based upon *Oppenheim,* the Court must grant Defendants summary judgment as to Plaintiff's FDCPA claim.

### b.  Plaintiff's arguments that LOJC is a "debt collector" are meritless.

#### i.  Plaintiff's argument that LOJC self-identified as a "debt collector" in voicemails left for Plaintiff is without merit.

In her Response, Plaintiff claims *for the first* time, Defendant left voicemails on her phone indicating it was a "debt collector." As an initial matter, Plaintiff has violated Rule 26 by failing to disclose the existence of alleged voicemails in her Rule 26 Disclosures. Plaintiff had an absolute obligation to disclose the existence of the alleged voicemail messages under FRCP 26(a)(1)(A)(ii) yet failed to do so. Had she disclosed the existence of the alleged voicemail messages, she would have been obligated to produce them upon an informal request from Defendant (as they are alleged statements of Defendant). In the absence of the alleged recordings (which are subject to the hearsay rule), Plaintiff offers admissible evidence of the actual contents of the alleged voicemails.

Moreover, the alleged voicemails are not self-authenticating.[2] As such, in order for the alleged voicemails to be admissible they will have to satisfy the requirements of Federal Rule of Evidence 901 which provides: "[t]o satisfy the requirement of authenticating or identifying an

---

[2] Federal Rule of Evidence 902 lists several types of evidence that are self-authenticating, but does not include anything resembling voicemail messages. *See,* Fed. R. Evid. 902.

item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." *See,* Fed. R. Evid. 901(a). The advisory committee notes to Fed. R. Evid. 901(a)(6) make clear that, "[t]he cases are in agreement that a mere assertion of his identity by a person talking on the telephone is not sufficient evidence of the authenticity of the conversation and that additional evidence of his identity is required." *See,* Fed. R. Evid. 901(b)(1) advisory committee's note. To be clear, without additional evidence, "the mere assertion of the identity by a person talking on the telephone is not by itself sufficient to authenticate that person's identity". *In re Maurer*, 267 B.R. 639, 648 (Bankr. M.D. Fla. 2001), *amended,* 271 B.R. 207 (Bankr. M.D. Fla. 2002)(internal citations omitted), *see also United States v. Rodriguez*, 427 Fed. Appx. 784, 790 (11th Cir. 2011)(unpublished).

### ii.   LOJC's website does not prove it is a "debt collector."

Plaintiff contends Defendant's Website and/or a printout of the website conclusively proves that Defendant, LOJC, is a debt collector. However, Plaintiff has undertaken no discovery of any kind relative to Defendant and/or its website. Defendant's Website and/or a printout of the website are not self-authenticating. *See,* Fed. R. Evid. 902. *See, e.g., Exime v. E.W. Ventures, Inc.,* 08-60099CIV, 2009 WL 454278, at *2 (S.D. Fla. 2009). Moreover, Plaintiff has made no attempt to show that the website printouts comply with the self-authentication requirements of Fed.R.Evid. 902. *See, Sun Protection Factory, Inc. v. Tender Corp.*, 2005 WL 2484710, * at 6 (M.D.Fla.2005) (websites are not self-authenticating). Nor has Plaintiff attempted to satisfy the requirements for judicial notice under Fed.R.Evid. 201. *See, Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir.1997) (noting that matters generally reserved for judicial notice include scientific facts, matters of geography, or matters of political history). As such this Court must give no weight to Plaintiff's argument concerning anything contained in or on Defendant's website, and

grant Defendant summary judgment. Moreover, even if Defendant called itself a "debt collector" on its website, that characterization would be insufficient for this Court to find as a matter of law Defendant is a "debt collector" as defined by the FDCPA. *See, Fenello v. Bank of Am., NA*, 577 Fed. Appx. 899 (11th Cir. 2014) (unpublished) ("An entity cannot transform itself into a 'debt collector' within the meaning of the FDCPA simply by noting in a letter that it may be considered one under the Act.")

### iii. LOJC's "debt collector bond" filed with the Office of the Texas Secretary of State is NOT evidence that LOJC is a debt collector.

Plaintiff argues that LOJC filed a "proof of debt collector bond with the Office of the Texas Secretary of State" to prove Defendant is a "debt collector" as defined by the FDCPA. However, Plaintiff fails to provide any evidence that the term "debt collector" as used in such proof is the same as the FDCPA's definition of "debt collector." The fact that Defendant filed such a proof does not eliminate Plaintiff's burden to demonstrate Defendant meets the statute's definition. *See, Fenello, supra.*

### iv. Plaintiff's argument that an employee of LOJC confirmed that LOJC is a debt collector is baseless.

First, the alleged evidence that LOJC confirmed it was a "debt collector" during a conversation with Plaintiff's Counsel on November 29, 2017 should be afforded no weight. Florida Rule of Professional Conduct Rule 4-4.2(a), states in relevant part, "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer." R. Regulating Fla. Bar 4-4.2(a). Lawyers have been disqualified for violating Rule 4-4.2. See, *Rentclub, Inc. v. Transamerica Rental Finance Corp.*, 811 F. Supp. 651, 654 (M.D. Fla. 1992) (disqualifying attorney for having improper ex parte contact with a

represented party). As Plaintiff's counsel impermissibly obtained this alleged evidence by violating the Florida Rules of Professional Conduct, this Court should not consider such alleged evidence.

Secondly, per Plaintiff's affidavit, DE 19, the person who answered the telephone indicated "Yes. We collect debts." Such a statement is a far cry from admitting that a person is a debt collector as defined by the FDCPA. Moreover, even if Defendant's employee said Defendant is a "debt collector," that characterization would be insufficient for this Court to find as a matter of law Defendant is a "debt collector" as defined by the FDCPA. *See, Fenello, supra.*

Thirdly, as Plaintiff's recitation of the purported conversation is being offered to prove Defendant, LOJC, is a debt collector, the conversation is hearsay. While the content of the conversation *could* be admissible as a statement by a party opponent, Plaintiff would first be required to prove an authorized representative of Defendant actually made the statements. On this issue, Plaintiff offers the Court no evidence other than the content of the messages themselves. With respect to statements of party opponents however, a party must demonstrate the statement was actually made by the party opponent. *See, Bradford v. HSBC Mortg. Corp*., 829 F. Supp. 2d 340, 346 (E.D. Va. 2011) ("the statement that an HSBC representative named 'Susan' made to Bradford over the telephone is inadmissible hearsay and therefore 'cannot be considered on a motion for summary judgment.' This statement suffers from a fatal first-level hearsay problem given that Bradford cannot identify who 'Susan' was and thus cannot establish that her statement was a party-opponent admission.") Stated another way, if "Susan" had called Plaintiff's cellular telephone and left a message indicating she was calling on behalf of Defendant, the message would be inadmissible hearsay in the absence of evidence connecting

"Susan" to Defendant. In the instant case, the purported conversation cannot be considered as it is inadmissible hearsay.

      **c.**  **Plaintiff's argument that Plaintiff's FDCPA claim under 1692d(5) is viable on the merits is erroneous.**

Regardless of whether there were 100 calls placed to Plaintiff over a 9-month period or there were 20 calls placed to Plaintiff over an 18-week period, the fact of the matter is that either allegation without more is per se not harassment. *See Carmen v. CBE Group Inc.,* 782 F. Supp. 2d 1223, 1226 (D. Kan. 2011); *See Druschel v. CCB Credit Services, Inc.*, 8:10-CV-838-T-33TBM, 2011 WL 2681637 (M.D. Fla. June 14, 2011) report and recommendation adopted, 8:10-CV-838-T-33TBM, 2011 WL 2681953 (M.D. Fla. July 11, 2011); *See, Tucker*, 710 F. Supp. 2d at 1305; s*ee also, Arteaga v. Asset Acceptance, LLC,* 733 F. Supp. 2d 1218, 1229 (E.D. Cal. 2010); *Waite v. Fin. Recovery Services, Inc.*, 2010 WL 5209350 (M.D. Fla. Dec. 16, 2010).

      **d.**  **Plaintiff's argument that Defendant violated the TCPA by making calls using an Artificial or Pre-Record Voice is without merit.**

Plaintiff has failed to rebut the fact that LOJC's telephone system is not an ATDS as defined by the TCPA.  As such, the only issue for this Court to decide relative to Plaintiff's TCPA claims is whether Defendant violated the TCPA by making calls using an artificial or pre-record voice wherein it allegedly left 14 voicemail messages on Plaintiff's voicemail.

        **i.**  **Plaintiff declaration is hearsay.**

Plaintiff argues that LOJC left fourteen (14) identical voicemails on Plaintiff's cellular telephone, all of which utilized the same female voice, consisted of the same exact message, *verbatim*, including the *same tone, pace, syntax, and intonation*, and all of the *same exact length*.

Within Plaintiff's Declaration, Plaintiff offers improper opinion testimony as to whether Defendant placed telephone calls to Plaintiff using a prerecorded or artificial voice. Courts have

routinely and consistently rejected this type of speculative testimony. In a similar case, Judge Ungaro refused to permit evidence of plaintiff belief that she received prerecorded messages, stating: "[p]laintiff's statements of belief about what the voice mails sounded like are nothing more than pure speculation and unsubstantiated assertions." *Dennis v. Reg. Adjustment Bureau, Inc.*, No. 09–61494–civ, 2010 WL 3359369, at *3 (S.D.Fla. July 7, 2010) (Ungaro, J.). Likewise in the instant case, Plaintiff "belief" that "All fourteen voicemails were identical, insofar as they all utilized the same pre-recorded or artificial female voice" is nothing but sheer speculation and therefore, inadmissible as the witness offering the opinion must possess "particularized knowledge garnered from years of experience within the field." *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd.*, 320 F.3d 1213, 1223 (11th Cir. 2003). Plaintiff has no such knowledge or experience.

Moreover, even if Plaintiff were qualified to offer an opinion, her legal conclusion that the calls were placed using a "pre-recorded or artificial voice" would be an impermissible legal conclusion. See, *Strauss v. CBE Group, Inc*, 15-62026-CIV, 2016 WL 2641965, at *2 (S.D. Fla. 2016) ("A[]…witness…, may not offer legal conclusions; only the Court may instruct the jury as to the state of the law."); see also, *Legg v. Voice Media Group, Inc.*, 13-62044-CIV-COHN, 2014 WL 1767097, at *4 (S.D. Fla. May 2, 2014).

Plaintiff's declaration, identifying a prerecorded or artificial voice, merely tracks statutory language and contains specialized legal meanings that are more precise than the lay understanding of the terms. This Court has recognized that "[i]f testimony tracks the language of the applicable statute or uses a term that has a specialized legal meaning that is more precise than the lay understanding of the term, the testimony is an impermissible legal conclusion." *Cordoves v. Miami-Dade County*, 14-20114-CIV, 2015 WL 2258457, at *11 (S.D. Fla. Mar. 2,

2015)(Altonaga, J.); see also, *Dubiel v. Columbia Hosp.* (Palm Beaches) Ltd. Partn., 04-80283-CIV, 2005 WL 5955691, at *4 (S.D. Fla. Jan. 11, 2005)(Middlebrooks, J.)("testimony that purports to offer legal opinions is properly excluded"); *Dominguez v. Yahoo, Inc.*, 14-1751, 2015 WL 6405811, at *3 (3d Cir. Oct. 23, 2015)("restating of the statutory definition amount[s] to nothing more than a legal conclusion couched as a factual assertion"). Allowing lay witnesses to testify to the legal implications of the facts in question would be in contravention of the Rules of Evidence, unfairly prejudicial, and could mislead the jury. See, FRE 403; 701.

Permitting Plaintiff to defeat Defendant's Motion by simply offering an opinion without any evidentiary support would create a disincentive for consumers to conduct discovery in similar litigation. That is, instead of conducting discovery on a defendant to determine if prerecorded messages were, in reality, left, a consumer could simply state, "sounded like a prerecorded message to me" to defeat a defendant's motion for summary judgment.

### ii.   Plaintiff claim that she received calls on her cellphone is not enough.

"To demonstrate a violation of the TCPA, the Plaintiff[] needs… [to]…show that [Defendant] ***called*** a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d 1265 (11th Cir. 2014) (emphasis added); *see also,  Buslepp v. Improv Miami, Inc.*, 12-60171-CIV, 2012 WL 4932692, at *2 (S.D. Fla. 2012) (same), *Fillichio v. M.R.S. Associates, Inc.*, 09-61629-CIV, 2010 WL 4261442, at *3 (S.D. Fla. 2010) (same), *Cavero v. Franklin Collection Serv. Inc.,* 11-22630-CIV, 2012 WL 279448, at *2 (S.D. Fla. 2012) (same), *Shea v. BBVA Compass Bancshares, Inc.*, 1:12-CV-23324-KMM, 2013 WL 869526, at *1 (S.D. Fla. 2013) (same), *Buslepp v. B & B Entm't, LLC*, 12-60089-CIV, 2012 WL 4761509, at *2 (S.D. Fla. 2012) (same).

Plaintiff claims that she **received** at least fourteen (14) voicemail messages calls on her cellular phone.  *See,* DE 18 (emphasis added). However, testimony and evidence that Plaintiff **received** calls is irrelevant to Plaintiff's TCPA claims as the statute regulates the placement of calls. "[A] TCPA claim is comprised of the following elements: (1) a call was **made** to a cell or wireless phone, (2) by the use of an automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party." *Witchard v. Allied Interstate, LLC*, 8:15-CV-1109-T-33MAP, 2015 WL 6817163, at *2 (M.D. Fla. Nov. 6, 2015)(quoting *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012)).

To permit Plaintiff to attempt to prove Defendant placed calls to her cellular telephone solely through testimony or evidence that Plaintiff received calls from telephone numbers purportedly identified as belonging Defendant permit a plaintiff to defeat of a motion for summary judgment based on mere speculation without requiring the plaintiff engage in discovery on a defendant in order to determine the veracity of her beliefs. That is to say, even if the messages *were* left on Plaintiff's cellphone and even if the Plaintiff *were* able to prove the messages belonged to Defendant, Plaintiff would still fall short of providing evidence that Defendant "**made** [calls] to a cell or wireless phone…by the use of an artificial or prerecorded voice." *Witchard v. Allied Interstate, LLC*, 8:15-CV-1109-T-33MAP, 2015 WL 6817163, at *2 (M.D. Fla. Nov. 6, 2015).

At best, Plaintiff has offered evidence that she **received** calls from Defendant on her cellphone. It is not the *receipt* of a call from Defendant that could give rise to a TCPA claim, but rather the *placement* of a call by Defendant to Plaintiff's cellphone that could implicate the TCPA. Given the ease with which calls can be forwarded in today's society, it is hardly an uncommon occurrence for calls to be forwarded from one telephone number to another. *See, e.g.*

*Harris v. Stellar Recovery*, 2:13-CV-00876-DBP, 2015 WL 4041719, at *5 (D. Utah 2015) ("Plaintiff is an individual who received errant telephone calls when a third party set up a call forwarding instruction to Plaintiff's telephone number."); *Harper v. Credit Control Services, Inc.*, 863 F. Supp. 2d 125, 127 (D. Mass. 2012) ("Harper admits to frequently forwarding calls from her land line to her cell phone and, although she denied that is what happened here, it is the only reasonable explanation that can be drawn from the evidence.") To permit Plaintiff to prove Defendant *placed* calls to Plaintiff's cellphone number through evidence that purportedly demonstrates Plaintiff *received* calls and messages from numbers belonging to Defendant would have the practical effect of shifting the burden to Defendant to prove it did not make the calls. The Court cannot shift the burden to Defendant to prove it did not make the calls. *See, Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1070 (11th Cir. 2014) ("district court improperly shifted the burden of proof, forcing Reynolds to prove that Richard's death was caused by something other than smoking.")

The purported voice messages are not evidence that Defendant **made** calls to Plaintiff's cell phone.  In fact, Defendant did not make a single call to Plaintiff's alleged telephone number.  All calls placed by LOJC were made to the telephone number (561) 331-1154 which is a Google Voice number.  *See, 14-1. and DE 15-1.*  Plaintiff then made the decision to have any calls made to the (561) 331-1154 forwarded to her cellular telephone number.  It is undeniable that (561) 331-1154 is not a cellular telephone number or a number assigned to a cellular telephone service.  *See,* DE 15-1.  Further, such number is not a telephone number that is associated with a service for which the called party is charged for the call.  Google Voice is a free service for which a person is not charged.  Google Voice provides a U.S. telephone number, chosen by the user from available numbers in selected area codes, free of charge to each user account. Calls to this

number are forwarded to telephone numbers that each user must configure in the account web portal. As such, it is axiomatic that calls placed to Plaintiff's Google Voice telephone number, (561) 331-1154, does not fall under the purview of the TCPA. The only district court that has ruled upon this issue has unequivocally held that calls made to Google Voice telephone numbers which are then forwarded to an alleged cellular telephone number are not actionable under the TCPA. *Klein v. Commerce Energy, Inc.*, No. CV 14-1050, 2017 WL 2672290, at *20 (W.D. Pa. June 21, 2017). As such, LOJC is entitled to summary judgment on Plaintiff's TCPA claims.

Respectfully submitted by:

/s/ Charles J. McHale
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
CHARLES J. MCHALE, ESQ.
Florida Bar No.: 0026555
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
cmchale@gsgfirm.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Charles J. McHale
CHARLES J. MCHALE, ESQ.
Florida Bar No.: 0026555